FILED
FEB 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IRONS, LLC                                    :
A Limited Liability Corporation               :
of the Commonwealth of Virginia               :
3945 Fifty Second Street, N. W.               :
Washington, D. C. 20016                       :
                                              :
             Plaintiff                        :
                                              :
        v.                                    :
                                              :   CASE NUMBER 1:06CV00297
WILLIAM FREDERICK BRANDES                     :
An Individual                                 :   JUDGE: Rosemary M. Collyer
4201 Cathedral Avenue, N. W.                  :
Apartment 416                                 :   DECK TYPE: Contract
Washington, D. C. 20016                       :
        and                                   :   DATE STAMP: 02/21/2006
8075 Lee Haven Road                           :
Easton, Maryland  21601                       :
                                              :
             Defendant                        :

## COMPLAINT

Comes now the plaintiff, Irons LLC, by and through its counsel, Edward S. Irons, and for its complaint against defendant, William Frederick Brandes, states and avers.

### I.   INTRODUCTION AND NATURE OF THIS ACTION

1. This action is brought as a result of numerous express and implied misrepresentations and other wrongs which plaintiff has suffered as a result of the tortious and contractually-related conduct, breaches and violations which defendant has perpetrated against plaintiff.

2. The acts resulting in the filing of this complaint include, but are not limited to, misrepresentations and failure to disclose material facts relating to the allocation to defendant of an equity interest in plaintiff and breach of implied covenants of good faith and fair dealing.

II. <u>JURISDICTION, VENUE, PARTIES AND AMOUNT IN CONTROVERSY</u>

3. The relationship between the parties and the resulting contract, including the acts resulting in the filing of this Complaint, giving rise to this action occurred in the District of Columbia. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2).

4. Plaintiff, Irons LLC, is a Limited Liability Corporation organized under the laws of the Commonwealth of Virginia having a registered agent at 707 Prince Street, Alexandria, Virginia 22314.

5. Defendant, William Frederick Brandes, is an individual who resides at 8075 Lee Haven Road, Easton, Maryland 21601 and at 4201 Cathedral Avenue, N.W., Apartment 416, Washington, D.C. 20016.

6. There is complete diversity of citizenship as between the plaintiff and the defendant.

7. The amount in controversy is in excess of $75,000, excluding interest and costs.

8. This Court has jurisdiction of this case under 28 U.S.C. §1332.

### III. ALLEGATIONS APPLICABLE TO ALL COUNTS

9. The Articles of Incorporation of plaintiff Irons LLC were filed December 3, 2002.

10. Under the Irons LLC Operating Agreement, effective December 16, 2002, Edward S. Irons is designated as and at all relevant times has been the Managing Member of Irons LLC.

11. Subsequent to December 16, 2002 and prior to December 31, 2002, Edward Irons met with Carin Irons Brandes (his daughter), Mary L. Irons (his wife), and defendant William Brandes ("the December 2002 meeting").

12. Defendant William Brandes and Carin Irons Brandes are now and at all relevant times have been husband and wife.

13. Lauren Brandes is the daughter of William Brandes and Carin Brandes.

### IV. ALLOCATIONS OF INTERESTS IN IRONS LLC

14. At the December 2002 meeting alleged in paragraph 11 hereof, each of the persons present thereat agreed to become a member of and to accept the obligations implicitly imposed by membership in plaintiff Irons LLC and, therefore, were then allocated participations in the assets of Irons LLC, to wit:

final

-3-

```
Carin Brandes          .216056
William Brandes        .216056
Lauren Brandes Trust   .216056   =   .648168%
Edward Irons           .175816
Mary Irons             .175916   =   .351832%
```

15. As Managing Member, Edward Irons has the fiduciary duty to act in the best interests of Irons LLC without regard to the personal preference or financial circumstances of any member of Irons LLC.

A. <u>The Easton, Maryland Property</u>

16. For the purpose in part of providing a second home for the Brandes family, sometime in about 1996 or 1997, Edward Irons and Mary Irons, his wife ("the Irons"), provided funds in excess of $400,000 to defendant William Brandes and his wife, Carin Irons Brandes ("the Brandes") to purchase the property located at 8075 Lee Haven Road, Easton, Maryland.

17. The original purpose and expectation of the Irons in providing funds to the Brandes as alleged in paragraph 16 hereof was to maintain the assets of the Irons and the assets of the Brandes acquired from or through the Irons under the control of the Irons at all times and, in due course, of plaintiff Irons LLC.

18. In accord with the original purpose and expectations of the parties, the Brandes purchased and acquired legal title to the said Easton, Maryland property sometime in 1996 or 1997, and

funded said purchase with the funds provided to them by the Irons as alleged in paragraph 16 hereof; said legal title being subject, however, to an equity interest of the Irons in the said Easton, Maryland property having a value in excess of $400,000.

19. The asset allocations set forth in paragraph 14 hereof were made by Edward Irons as Managing Member of plaintiff Irons LLC

    (i) as consideration for the agreement of the Brandes at the December 2002 meeting to become members of plaintiff Irons LLC and implicitly to assume the obligations consequent from doing so;

    (ii) primarily to provide economic security for and to impart stability to the marriage of Carin Brandes and William Brandes and to provide a stable family and home life for their daughter Lauren Brandes;

    (iii) to preserve and maintain unimpaired ownership and control of all of the Irons LLC assets, including but not limited to the Irons 35.182% ownership of plaintiff Irons LLC, within the Irons/Brandes families; and

    (iv) based on advice of counsel, to accommodate the tax laws, including estate tax laws, germane to

substantial assets originally provided by Edward Irons to fund Irons LLC.

## V. VIOLATION OF THE DUTY OF DISCLOSURE BY DEFENDANT

20. Beginning long before and continuing until and after the time of the December 2002 meeting alleged in paragraph 11 hereof, defendant William Brandes and Carin Brandes knew that their marriage was unstable.

21. Notwithstanding the allegations of paragraph 20 hereof, Carin Brandes, for the first time, on October 10, 2005 advised the Irons that the Brandes had long ago recognized that they were incompatible and that their marriage was unstable, but failed to disclose that fact to Edward Irons, or to Mary Irons, or to Lauren Brandes, their daughter, until Lauren Brandes graduated from high school and was prepared to enroll in a university.

22. Lauren Brandes was 18 years old on December 29, 2005, will graduate from Potomac School in Virginia in the fall of 2006, and has been admitted to enroll and will enroll as a student at the University of Pennsylvania.

23. Because defendant William Brandes knew at the time he participated in the December 2002 meeting alleged in paragraph 11 hereof that his marriage to Carin Brandes was unstable and because that information was material to Managing Member Edward Irons' decision to allocate the interests in Irons LLC as alleged

brandes complaint
final

-6-

in paragraph 14 hereof, defendant was under a duty in equity and good conscience to disclose that information to Irons LLC's Managing Member Edward Irons at that meeting. Had defendant made such disclosure, as he should have done, no allocation of any Irons LLC interest to defendant William Brandes would have been made.

24. Contrary to the original purpose and expectations of the parties, repeatedly during the last quarter of 2005, defendant William Brandes rejected the written requests of Irons LLC's Managing Member Edward Irons and of Irons LLC member Carin Brandes forthwith to assign and transfer either to said Carin Brandes, or to Lauren Brandes, or both, the unencumbered 21.6056% interest in Irons LLC which was erroneously allocated to him in ignorance of the instability of his marriage to Carin Brandes.

## VI. CLAIMS FOR RELIEF AGAINST DEFENDANT

### Count 1

25. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

26. Pursuant to the contractual obligations and other representations of defendant upon which plaintiff relied, defendant has owed to plaintiff at all relevant times the implied

Case 1:06-cv-00297-RMC   Document 1   Filed 02/21/2006   Page 8 of 12

duties of good faith and fair dealing, all of which defendant William Brandes has breached and continues willfully to breach.

27. Specifically, but not in limitation of the foregoing, defendant William Brandes has engaged and is engaging in deceptive and dishonest acts in conflict with his obligations to plaintiff, to his wife, Carin Brandes, and to his daughter, Lauren Brandes.

28. Plaintiff has suffered substantial injury and damage as a result of defendant's acts consisting of general, special and circumstantial damages.

### Count 2

29. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

30. But for defendant's failure to disclose to plaintiff the then understanding and agreement with Carin Brandes that their marriage was not stable, plaintiff would not have allocated any part of the assets of Irons LLC to defendant.

31. Defendant William Brandes accepted the allocation of a 21.6056% interest in plaintiff Irons LLC in bad faith.

32. Defendant William Brandes' conduct as alleged herein is a breach of the prior pattern of conduct established by the parties as reasonably reflecting an intention to honor and

brandes complaint
final

-8-

respect his familial obligations and the obligations which he implicitly assumed upon becoming a member of Irons LLC to procure an allocation of the LLC interest to him as alleged in paragraph 14 hereof.

33. Plaintiff has suffered substantial injury and damage as a result of defendant's conduct.

34. Contrary to the original purpose or expectations of the parties, defendant William Brandes has used, is using and, absent the relief sought by this Complaint, will continue to use the LLC assets allocated to him in a way that nullifies the contractual objectives and has caused significant harm to Irons LLC.

## Count 3

35. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

36. Defendant William Brandes, without notice and without any reason to do so, abandoned his wife Carin Brandes and his daughter Lauren Brandes in July 2005.

37. Defendant William Brandes is now engaged in proceedings to procure a divorce from Carin Brandes, and has indicated an intention to encumber some or all of the Irons LLC assets allocated to him and other assets acquired by him from the Irons or plaintiff Irons LLC, including the Easton, Maryland property

in which the Irons and plaintiff Irons LLC own an equity interest, as consideration in part for a divorce settlement, in payment to a divorce lawyer, and in other ways.

38. Plaintiff would suffer substantial injury and damage as a result of any act whatever by defendant to encumber or attempt to encumber in any way or to dispose of any part of the said Irons LLC asset allocation to him or any other asset, including the aforesaid Easton, Maryland property, acquired by defendant William Brandes in whole or in part from Edward Irons or Mary Irons.

## Count 4

39. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

40. Plaintiff's Operating Agreement specifies, as one part of the objectives of plaintiff Irons LLC, the purchase and sale of real estate; in particular real estate located on the Maryland Eastern Shore.

41. Plaintiff's real estate activities have been and are now being hindered and frustrated by defendant's refusal to assign to Carin Brandes or to Lauren Brandes the LLC assets initially allocated to him.

42. Plaintiff has been and is being irreparably damaged by the conduct of defendant William Brandes as alleged herein.

### Count 5

43. Plaintiff incorporates herein, as if fully set forth, each and every allegation contained in all of the other preceding paragraphs of this Complaint.

44. The acts of defendant William Brandes as set forth in this Complaint were wrongfully perpetrated upon plaintiff, causing harm and injury attended by fraud and/or a wanton and reckless disregard of plaintiff's rights and thereby entitles plaintiff to punitive damages.

WHEREFORE, plaintiff prays that this Court enter judgment against defendant William Brandes as follows:

1. For an order that requires immediate transfer by defendant to plaintiff Irons LLC, or to Carin Brandes, or to Lauren Brandes of the unencumbered entirety of the interest in Irons LLC initially allocated to defendant.

2. For an order enjoining defendant from transferring or encumbering in any way whatever any part of (i) the Irons LLC interest allocated to defendant or (ii) any other asset acquired by defendant from Edward Irons or Mary Irons.

3. For an order forthwith enjoining defendant William Brandes from any access whatever at any time whatever to the property located at 8075 Lee Haven Road, Easton, Maryland in which the plaintiff Irons LLC by and through the Irons, who are LLC members, has an equity interest valued in excess of $400,000.

4. For an order preliminarily and permanently enjoining defendant from ever asserting any claim whatever to the aforesaid Easton, Maryland property.

5. For damages in conformance with proof but in no event less than $250,000.

6. For punitive and exemplary damages in the maximum amount available.

7. For costs and attorney's fees.

8. For such other relief as the Court deems just and proper.

Edward S. Irons
D.C. Bar No. 149898
Edward S. Irons, P.C.
3945 - 52nd Street, N. W.
Washington, D. C. 20016
(202) 362-5332 - voice
(202) 966-1338 - fax
Tingent@aol.com - email
Attorney for Plaintiff

brandes complaint
02-06-06

-12-