IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IRONS, LLC,                                      :
                                                 :
     *Plaintiff*,                          :
                                                 :
v.                                               :   Case No. 06-cv-297 RMC
                                                 :
WILLIAM FREDERICK BRANDES,                        :
                                                 :
     *Defendant*.                          :

### *DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS*

### I.    INTRODUCTION

The Complaint makes clear that this is essentially a domestic dispute. It alleges that defendant is the husband of Carin Irons Brandes ("Carin") (Compl., ¶ 12), that Carin is the daughter of Edward S. Irons, the Managing Member of plaintiff (Comp., ¶¶ 10 and 11), and that defendant and his wife are having domestic difficulties (Comp., ¶¶ 36 and 37). But it fails to state a claim upon which relief can be granted. Irons, LLC, the plaintiff herein, never pleads the existence of any contract between it and defendant, nor does it plead the existence of any legally cognizable duty owing to plaintiff by defendant. Plaintiff has failed to state any claim upon which relief can be granted. Defendant therefore respectfully submits that the Complaint must be dismissed.

### II.    STANDARD OF REVIEW

Motions to dismiss are disfavored and will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Tibbs v. Williams*, 263 F.Supp. 2d 39, 41 (D.D.C. 2003) (citations and internal quotation marks omitted). At this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations, and the plaintiff is entitled to all reasonable inferences which may be drawn from those facts. *Id.* Still, where there are no allegations in the complaint which, if proven,

would provide a basis for recovery, the movant is entitled to judgment as a matter of law. *Id.*

## III.    **ARGUMENT**

Plaintiff asserts what it labels as "Claims for Relief Against Defendant" in five counts, but prays for relief in one, undifferentiated, "WHEREFORE" clause at the close of its Complaint. Plaintiff demands (1) a mandatory injunction compelling defendant to transfer his interest in Irons, LLC to it, or to Carin, or to defendant's daughter, Lauren Brandes ("Lauren"); (2) an injunction prohibiting defendant from transferring or encumbering his interest in Irons, LLC or "any other asset acquired by defendant from Edward Irons or Mary Irons"; (3) an injunction barring defendant from access to property at 8075 Lee Haven Road in Easton, Maryland (premises which, plaintiff admits in paragraph 18 of the Complaint, were purchased by defendant and Carin and titled in their names); (4) an injunction prohibiting defendant "from ever asserting any claim whatever" to the Easton home; (5) compensatory damages in the amount of $250,000; (6) punitive damages in an unspecified amount; ( 7) costs and attorney's fees; and (8) other unspecified relief.

Plaintiff's failure to link the aforementioned claims for relief to any of the facts variously alleged in the five counts makes it difficult to discern on what basis plaintiff contends it is entitled to any of the relief sought. An examination of the facts alleged makes clear, however, that they do not entitle plaintiff to any of the relief it seeks. In this case, as in *Tibbs, supra,* "[b]efore the true contours of the lawsuit can be examined, it is necessary to clear out some of the underbrush." 263 F.Supp. 2d at 41.

### A.    The Easton Property

Plaintiff alleges that Edward and Mary Irons, his wife, provided defendant and Carin with "funds in excess of $400,000" to purchase a second home in Easton. Compl., ¶ 16. Plaintiff goes on to describe the Irons's reasons for doing so and asserts that legal title to the property is

"subject to an equity" interest of the Irons. Accepting all that as true, as defendant must do for purposes of this motion, there is nothing pleaded that would permit the Court to afford relief to Irons, LLC. Mr. Irons may well be the Managing Member of the LLC, but that does not give it standing to assert claims which, if they exist at all, belong to Mr. and Mrs. Irons. In fact, defendant and Carin purchased the Easton property "sometime in about 1996 or 1997" (Compl., ¶ 16), but Irons, LLC was not even organized until December of 2002 (Compl., ¶ 9). Since plaintiff lacks standing to advance claims on behalf of Mr. and Mrs. Irons, its prayers for injunctive relief related to the Easton property must be dismissed.

  B.    "Duty of Disclosure"

  Plaintiff asserts that, on October 10, 2005, Carin advised her parents that she and defendant "had long ago recognized that they were incompatible and that their marriage was unstable." Compl., ¶ 21. Plaintiff further asserts that defendant and Carin had known this for some time, but that Carin and the defendant "failed to disclose that fact to Edward Irons, or to Mary Irons, or to Lauren Brandes, their daughter." *Id.*, ¶¶ 20-21. Plaintiff cites no authority for the proposition that a person has a duty to disclose to his in-laws his perceptions of the strength or weakness of his marriage. And, again, even if such a duty existed and were breached, Irons, LLC would not be permitted to assert a claim for that breach. Even assuming (though plaintiff does not allege it) that defendant knew that his marriage's purported instability in 2002 would have been material to Edward Irons in making the allocations described in the Complaint, that knowledge furnishes no basis for awarding relief to Irons, LLC. Plaintiff cites no provision of its operating agreement that would require disclosure of marital problems to the LLC, relying instead on "implicit" obligations and generalized, indefinite "expectations."[1] Compl., ¶¶ 32, 24,

_____

[1] Plaintiff does not incorporate its operating agreement into the Complaint, or even make reference to it except in Count 4 (discussed *infra*). Thus, when plaintiff refers to defendant's purported contractual

27.

In addition, Irons, LLC seems to allege that Mr. Irons knew that the marriage lacked stability; the Complaint asserts that Mr. Irons allocated interests in Irons, LLC to defendant and Carin "primarily to provide economic security for and *to impart stability to the marriage* of Carin Brandes and William Brandes and *to provide a stable family and home life* for their daughter Lauren Brandes." Compl., ¶ 19(ii) (emphasis added). That Mr. Irons did not succeed in his quest "to impart stability to the marriage" does not permit the Court to award damages, or to order defendant to give up his interest in the LLC.

If Mr. Irons wanted to try to impart stability to the marriage, and also to provide for the contingency that his efforts might not be successful, he certainly could have provided for the possibility of a divorce in the LLC's operating agreement. He cannot now correct this oversight by inventing a duty, allegedly owed to Irons, LLC, in prospective members of the LLC to disclose any instability in their marriages.

C.    Count 1

In Count 1, plaintiff adopts its previous allegations and states further that "defendant has owed to plaintiff at all relevant times the implied duties of good faith and fair dealing," and has breached those duties by "engaging in deceptive and dishonest acts in conflict with his obligations to plaintiff, to his wife, Carin Brandes, and to his daughter, Lauren Brandes." Compl., ¶¶ 26-27. Irons, LLC fails to allege a basis on which defendant owed such duties to it, and in any event fails to identify any of the "deceptive and dishonest acts" by which defendant allegedly breached these generic obligations. Even under the minimal requirements of notice pleading, Rule 8 requires that the complaint give the defendant fair notice of each claim and its

---

obligations, *e.g.,* Compl., ¶ 26, it is unclear whether plaintiff is referring to the operating agreement or to some other contract.

basis. *Gore v. First Union Nat'l Bank,* 2002 U.S. Dist. LEXIS 14396 *11 (D.D.C. July 28, 2002). A vague and conclusory allegation that the defendant has engaged in deceptive practices is not sufficient. *Id., citing Muniz v. Chase Manhattan Mortg. Corp.*, 1998 U.S. Dist. LEXIS 1768 (S.D.N.Y. Feb. 18, 1998) (allegations that defendants "through a pattern of deceptive business practice [were] attempting to skim plaintiffs' equity in their homestead estate" were vague and conclusory, and failed to provide specific facts regarding defendants' alleged wrongdoing). Even if defendant owed duties of good faith and fair dealing to plaintiff, plaintiff's failure to identify how defendant allegedly breached those duties requires dismissal.

D.     Count 2

Count 2 is similar to Count 1, except that where plaintiff alleged in Count 1 that defendant breached some duty of good faith, in Count 2 plaintiff alleges that defendant "accepted the allocation" of an interest in plaintiff in bad faith. (Compl., ¶ 31). The allegation is, again, conclusory. Plaintiff alleges merely that defendant's "conduct as alleged herein is a breach of the prior pattern of conduct established by the parties as reasonably reflecting an intention to honor and respect his familial obligations and the obligations which he implicitly assumed upon becoming a member of Irons, LLC." Compl., ¶ 32. Plaintiff does not explain what those implicit obligations are; certainly it cites no provision of the operating agreement, or any other contract, by which defendant agreed "to honor and respect his familial obligations."

E.     Count 3

Plaintiff asserts in Count 3 that defendant might encumber his interests in Irons, LLC and in the Easton property, and that any such encumbrance, or even an attempted encumbrance, would cause plaintiff "substantial injury and damage." Compl., ¶ 37. Again, plaintiff has asserted no interest whatsoever in the Easton property; to the contrary, it asserts that defendant and Carin have title to the house in Easton. Even if Mr. and Mrs. Irons have an equity interest in

that property, Irons, LLC cannot assert claims on their behalf.  Irons, LLC does not allege that defendant is prohibited by the LLC's operating agreement, or by any other contract, from encumbering or even transferring outright his membership interest.  As with the rest of plaintiff's claims, whether Count 3 sounds in contract or in tort is left entirely to defendant's and the Court's imaginations.  Furthermore, insofar as defendant infers that Count 3 is perhaps the basis for the injunctive relief plaintiff requests, it lacks any allegation that the harm plaintiff would allegedly suffer would be irreparable, and could not be remedied by an award of damages.

F.    Count 4

Plaintiff finally, in Count 4, at least makes reference to its operating agreement.  Irons, LLC alleges that the agreement provides that the purchase and sale of real estate is one of the LLC's objectives.  Compl., ¶ 40.  Plaintiff further alleges that its "real estate activities have been and are now being hindered and frustrated by defendant's refusal to assign to Carin Brandes or to Lauren Brandes the LLC assets initially allocated to him."  *Id.*, ¶ 41.  Of course, plaintiff again fails to cite any provision of the operating agreement that would require defendant to assign his membership interest to anyone.  Defendant's refusal to do so, then, is not actionable, even if it does hinder the LLC's real estate activities.

G.    Count 5

Count 5 merely recites that the acts alleged in the complaint were "attended by fraud and/or a wanton and reckless disregard of plaintiff's rights."  Compl., ¶ 44.  Rule 9(b) of the Federal Rules requires that fraud be pleaded with particularity.  *See, e.g., United States ex rel. Richard Williams v. Martin-Baker Aircraft Co., Ltd.*, 363 U.S. App. D.C. 419, 389 F.3d 1251, 1254 (2004).  The Complaint fails to meet this standard.  Furthermore, punitive damages are not available as a matter of law for pure breaches of contract.  A plaintiff must allege conduct amounting to actual malice.  *Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 357 F.Supp.

2d 89, 97 (D.D.C. 2004). Here, though plaintiff has recited that defendant acted in "wanton and reckless disregard of plaintiff's rights," Compl., ¶ 44, that allegation is merely conclusory. Indeed, plaintiff has alleged no facts, even taken in the light most favorable to it, that suggest that defendant is motivated by anything other than his own interest.

## CONCLUSION

The Complaint makes clear that Edward Irons is using the Irons, LLC, and this action, as a cudgel to influence negotiations between his daughter and the defendant. The Irons, LLC has no claim against William Frederick Brandes for any perceived violation of his marital or familial obligations. The Complaint filed herein simply fails to state any claim upon which relief can be granted, and should be dismissed.

Respectfully submitted,

FUREY, DOOLAN & ABELL, LLP


By:  /s/                                             .
    Robert E. Grant, Bar No. 458157
    8401 Connecticut Avenue, Suite 1100
    Chevy Chase, Maryland  20815-5803
    Tel. 301.652.6880
    Fax 301.652.8972
    Email:  rgrant@fdalaw.com

    *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2006, a copy of the foregoing was served by filing with the Court's CM/ECF system upon Edward S. Irons, Esquire, 3945 52nd Street, N.W., Washington, D.C.  20016, attorney for plaintiff.

    /s/                                             .
    Robert E. Grant